UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NATIONAL ORGANIZATION FOR MARRIAGE AND AMERICAN PRINCIPLES IN ACTION, <br><br> PLAINTIFFS <br><br> v. <br><br> WALTER F. McKEE, *in his official capacity as member of the Commission on Governmental Ethics and Election Practices*, ET AL., <br><br> DEFENDANTS | CIVIL NO. 09-538-B-H |

DECISION AND ORDER ON DEFENDANTS' BILL OF COSTS AND
PLAINTIFFS' PETITION FOR FEES AND EXPENSES

In this case, the parties litigated a potpourri of issues concerning the constitutionality of Maine's regulation of ballot question committees, political action committees, independent expenditures, and attribution and disclaimer statements in political communications involving candidate elections. The lawsuit now has concluded, with the United States Supreme Court declining to grant a petition for certiorari for the second time. Nat'l Org. for Marriage v. McKee, 133 S. Ct. 163 (2012). The Maine Attorney General's office has requested costs under Rule 54(d), which provides that unless a statute, Federal Rule, or court order is to the contrary, costs "should be allowed to the prevailing party." The Attorney General's office asserts that the state-related defendants prevailed on all four counts of the original complaint, and that they

also prevailed on the four additional counts that the plaintiffs asserted in their second amended complaint—with the exception of one issue, a Commission on Governmental Ethics and Election Practices regulation that required disclosure within 24 hours of any independent expenditures over $250. The Attorney General's office asserts that its requested costs ($8543.94 for transcripts and for printing) had nothing to do with that narrow issue.

In response, the plaintiffs do not challenge the taxability of the requested costs or the assertion that they were unrelated to the one issue on which the plaintiffs prevailed. But the plaintiffs argue that on account of the issue on which they *did* prevail, *they* are the prevailing party under the applicable caselaw, and that they are therefore not subject to a costs award under Rule 54. Instead, they request an award in their favor of attorney fees and expenses in the amount of $54,552.78 under 42 U.S.C. § 1988 ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in a successful lawsuit under § 1983).

In turn the Attorney General's office does not challenge the plaintiffs' right to attorney fees on the issue on which the plaintiffs prevailed, but does challenge the reasonableness of the amount requested, saying that it should be reduced to $13,157.15.

Were this not a civil rights lawsuit, I would have no question but that costs should be awarded to the defendants as the prevailing party.[1] They prevailed on virtually every issue in the litigation. The one issue where the plaintiffs prevailed was narrow, a minor part of the lawsuit, and barely argued by the parties. I will return to the defendants' entitlement to costs later.

First, however, governing Supreme Court caselaw makes clear that the plaintiffs are entitled to attorney fees and expenses here for their success on the 24-hour reporting requirement, because they prevailed on that issue, and it was not insignificant.[2]

The Supreme Court tells us that in a case such as this, "the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790 (1989) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). It says that "the district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." Id.

---

[1] I would not use my discretion to disallow costs to the defendants. This is not the case of a penurious plaintiff, but a lawsuit over significant fundraising by plaintiffs who are recurrent litigants.

[2] In Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989), the Supreme Court said that plaintiffs cross the threshold to a fee award of some sort if they have succeeded "on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit" (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978))).

The plaintiffs say that they have significantly discounted their request ($54,552.78) and have limited it to amounts clearly related to the issue on which they prevailed (and issues that cannot be separated from that issue). The defendants say that the hourly rates are too high and that the time is excessive for this narrow claim, which was not presented in the first complaint, was argued only in a few short paragraphs of the second amended complaint, Second Am. Compl. ¶¶ 106-109 (ECF No. 114), and in two sentences of the plaintiffs' third motion for a preliminary injunction, Third Mot. for Prelim. Inj. 47 (ECF No. 115), and was never appealed.

I conclude that the record supports the hourly rates. The Attorney General's office measures them against the respective lawyers' experience at the outset of the lawsuit, but the precedents support using the rates at the time of the award (as a rough offset for the lack of interest on attorney fees that are so long delayed in payment). See Perdue v. Kenny A., 130 S. Ct. 1662, 1675 (2010); Missouri v. Jenkins, 491 U.S. 274, 282 (1989). As for the hours, I conclude that the Tex. State Teachers/Hensley exercise ("attempting to identify specific hours that should be eliminated," Tex. State Teachers, 489 U.S. at 789-90) is not satisfactory in this complex and multi-faceted case that stretched over years and courts and issues. That mathematical attempt at segregation would produce only a false precision. Although I recognize that the plaintiffs have made an effort at limiting their fees, the requested amount still outstretches their limited success. I therefore use the alternate approach of

4

"simply reducing the award to account for the limited success of the plaintiff." Id.[3]

    I conclude that $54,552.78 is too much for the limited success that the plaintiffs obtained. A lawsuit on that issue alone (a regulation that the statute did not even require) should have been simple and straightforward factually and legally (even though ballot-related cases are long and abundant). The limited treatment in the briefing and my brief treatment of it in the decision demonstrate the simplicity of the issue. But by the same token, the defendants' proposed award, $13,157.15, is clearly insufficient for litigating the constitutional claim in a federal court, with the necessity of providing context to the claim and dealing with the Attorney General's defense. An award of $30,000 accounts appropriately for the plaintiffs' limited success on this narrow issue, including their fee petition, while recognizing the realities of litigating a constitutional claim in federal court.[4] Except for the $450 fee for filing a mandamus petition that related solely to discovery unrelated to the issue on which they prevailed, I also allow the plaintiffs' claimed expenses, *i.e.*, $2,193.78.

---

[3] As the Supreme Court said in 2011, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Fox v. Vice, 131 S. Ct. 2205, 2216 (2011).

[4] I reiterate that the defendants immediately conceded the issue after this court's ruling, did not appeal, and obtained an immediate change in the regulation.

5

Section 1988 characterizes that attorney fee recovery for the plaintiffs as "part of the costs." Can the defendants then receive, simultaneously, a costs award under Rule 54(d) as a "prevailing party"? The parties have not addressed the caselaw on this issue. My own research reveals a handful of circuit court of appeals cases, district court cases from California, Florida, Kansas, and New York, as well as two Supreme Court decisions, all of which I discuss below.

The Federal Circuit has staked out the strongest position, holding that in patent cases there can be, "by definition," only one prevailing party, regardless of the fact that the outcome of a particular lawsuit might be mixed. Shum v. Intel Corp., 629 F.3d 1360, 1363 (Fed. Cir. 2010). (Ironically, in Shum the panel could not agree on who was the prevailing party.) Shum reasoned primarily from the wording of Rule 54(d) and its use of the definite article "the" in referring to "the prevailing party" (as opposed to referring to "a prevailing party"): "For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award." Id. at 1367. But Shum, a patent case, did not have to deal with section 1988 and its award of attorney fees to a plaintiff for success on *any* significant claim as part of costs. Instead, the Shum court assessed who prevailed on the "central issue" in the case, id. at 1368, a test that the Supreme Court explicitly rejected for civil rights cases, see Tex. State Teachers, 489 U.S. at 790. In civil rights cases, a plaintiff can prevail on a "significant"

6

claim, thus meeting the fee-award threshold, while the defendant prevails on the "central" issue in the case. Shum does not resolve that dilemma.

The Tenth Circuit has also addressed the issue, albeit less definitively. In Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1233-35 (10th Cir. 2001), the court dealt with a civil rights case in which the plaintiff received a partial attorney fee award. The court held that a magistrate judge then "clearly erred" in treating both sides as prevailing parties and awarding costs to both parties under Rule 54. The court stated: "In general, the litigant who is the prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." Id. at 1234; see also 10 Moore's Federal Practice § 54.101[3] (3d ed. 2012) ("If the litigant is a 'prevailing party' under the fee-shifting statute, the litigant ought to be considered a 'prevailing party' for purposes of costs."). But the Tenth Circuit also relied on the fact that "[u]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." Id. (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2667 (3d ed. 2012)). That made Barber easy, because the plaintiff had successfully challenged his employer's treatment of him and the court had entered judgment solely in the plaintiff's favor.[5] Here, in contrast, this court's judgment was in favor of the defendants on all but one count and in favor of the plaintiffs on only part of that count. See Judgment,

---

[5] Albeit he succeeded on one theory, hostile environment, and not on other theories of discriminatory termination and retaliatory discharge.

7

Feb. 18, 2011 (ECF No. 219) (Counts I-IV); Am. Judgment, Nov. 14, 2011 (ECF No. 231) (Counts V-VIII). Finally, Barber proceeded to highlight the trial court's discretion under Rule 54((d)(1) to award or not award costs, and noted the options of denying costs to both sides or "apportion[ing] costs among the parties or . . . reduc[ing] the size of the prevailing party's award to reflect the partial success." 254 F.3d at 1234-35. It is unclear whether Barber's reference to "apportioning costs" means that the trial court can award costs to both opposing parties (as long as they are not both called prevailing parties), but that is how the District of Kansas has interpreted it in Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty., 2007 WL 1411613 (D. Kan. May 10, 2007). In any event, Barber concludes that when the court exercises its discretion "the identification of the prevailing party may [in the end] become so unimportant as to be almost immaterial." Id. at 1235.

The Second Circuit mentioned the issue in passing in Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006), stating in dictum that "in general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." Dattner was not a civil rights attorney fee case, but a case where the defendants obtained a dismissal on a forum non conveniens argument, not on the merits, yet petitioned for their costs. The Second Circuit borrowed the attorney fee cases' requirement that to be a prevailing party, a party must obtain a "judicially sanctioned change in the legal relationship of the parties," id. (quoting Buckhannon Bd. & Care Home

8

Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 605 (2001)).[6] The Second Circuit concluded that the defendant's success on its forum non conveniens argument did not meet that standard and did not make it a prevailing party for costs.

I have found no Circuit Court case stating clearly that both parties can be awarded costs.

As for trial courts, the Southern and Middle Districts of Florida look at a case claim-by-claim and may award costs on one claim to one of the parties and to the opposing party on a different claim. James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citing Stewart v. Town of Zolfo Springs, 1998 WL 776848, at *1 (M.D. Fla. Sept. 16, 1998)). Similarly, in EEOC v. Colgate-Palmolive Co., 617 F. Supp. 843 (S.D.N.Y. 1985), a case where both sides prevailed on some claims, the Southern District of New York awarded one-third of the plaintiff's costs and two-thirds of the defendant's costs. The District of Kansas has repeated the Tenth Circuit's statement in Barber that only one party can be classified as the prevailing party, has recognized a civil rights plaintiff obtaining a partial fee award as "the prevailing party even though his success was minimal," but then has used the Barber "discretion to apportion costs" so as to award the defendant 90% of its costs. Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty., 2007 WL 1411613, at *2-3 (D.

---

[6] See also Andretti v. Borla Performance Indus., 426 F. 824, 835-36 (6th Cir. 2005) (finding a judicially sanctioned change in the legal relationship and awarding costs); Miles v. State of California, 320 F.3d 986, 989 (9th Cir. 2003) (same).

9

Kan. May 10, 2007). In the Northern District of California, one judge has declined in a civil rights case to follow the Federal Circuit's Shum precedent that there can be only one prevailing party (calling it "foreign authority"), Ambat v. City and Cnty. of San Francisco, 2012 WL 2598278, at *3 (N.D. Cal. July 5, 2012), and has awarded attorney fees and partial costs to the plaintiff while at the same time awarding costs to the defendant. In Oracle America, Inc. v. Google Inc., 2012 WL 3822129, at *1 (N.D. Cal. Sept. 4, 2012), on the other hand, a different judge in that district concluded that Shum was controlling authority in a patent case and that "[e]ven if the action results in a mixed judgment, the district court must nonetheless pick one side as the 'prevailing party' for purposes of taxing costs" (citing Shum, 629 F.3d at 1366-67).

In Hensley, the United States Supreme Court noted that a single civil rights lawsuit could contain "distinctly different claims for relief that are based on different facts and legal theories." 461 U.S. at 434. The Court said that, if that were the case, "these unrelated claims [must] be treated as if they had been raised in separate lawsuits." Id. at 435. Therefore, even though a plaintiff might receive an attorney fee award for a successful claim, the Court observed in a footnote that if one of the unsuccessful claims were frivolous, a defendant might simultaneously recover an attorney fee for responding to it. Id. at n.10. In other words, Hensley seems to recognize the availability of

"costs" to both parties, at least when the costs are attorney fees. The Supreme Court later confirmed that Hensley means exactly that:

> In Hensley, we noted the possibility that a plaintiff might prevail on one contention in a suit while also asserting an unrelated frivolous claim. In this situation, we explained, a court could properly award fees to both parties—to the plaintiff, to reflect the fees he incurred in bringing the meritorious claim; and to the defendant, to compensate for the fees he paid in defending against the frivolous one. We thus made clear that a court may reimburse a defendant for costs under § 1988 even if a plaintiff's suit is not wholly frivolous. Fee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing.

Fox v. Vice, 131 S. Ct. 2205, 2214 (2011) (citation omitted).[7]

This case fits the Hensley/Fox model. As I noted earlier in the progress of the case, it really should have been two cases. See Nat'l Org. for Marriage v. McKee, 723 F. Supp. 2d 245, 249 n.5 (D. Me. 2010), aff'd in part and vacated in part, 649 F.3d 34 (1st Cir. 2011) (noting that adding Counts V-VIII "turns out to have been unwise" and that "[e]ven NOM says that '[r]unning the two parts together—even considering the two parts together—creates confusion'"). That is essentially how it proceeded on appeal, with two appeals, two First Circuit decisions, and two petitions for certiorari. See Nat'l Org. for Marriage v. McKee, 649 F.3d 34 (1st Cir. 2011) (Counts V-VIII), cert. denied, 132 S. Ct. 1635 (2012); Nat'l Org. for Marriage v. McKee, 669 F.3d 34 (1st Cir. 2012)

---

[7] It is more difficult for a defendant to recover attorney fees in a civil rights case. Although the statute says that a prevailing party can recover fees as part of the costs, the Supreme Court has held that while a plaintiff can recover them if it prevails on a significant claim, a defendant must show that the plaintiff's claim was frivolous, unreasonable or without foundation in order to obtain an attorney fee award. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Thus an award of costs to a defendant does not automatically entitle a defendant to attorney fees. See, e.g., Head v. Medford, 62 F.3d 351, 354-56 (11th Cir. 1995).

(Counts I-IV), cert. denied, 133 S. Ct. 163 (2012). If I had denied the motion to amend, the result would have been that the defendants won the "first case" entirely, Nat'l Org. for Marriage v. McKee, 765 F. Supp. 2d 38 (D. Me. 2011), and the plaintiffs prevailed on only a narrow issue in the "second case," Nat'l Org. for Marriage v. McKee, 723 F. Supp. 2d 245 (D. Me. 2010), aff'd in part and vacated in part, 649 F.3d 34 (1st Cir. 2011). For the costs that the defendants have requested here, some relate solely to the "first case" (deposition transcripts before the second amended complaint was filed) and the rest could be allocated (printing costs for two separate appeals and printing costs for certiorari briefs for two separate appeals). As Hensley implies, costs awards should not depend solely on how a case is structured. To be sure, in many cases, it will be impractical to break down each incurred cost and claim, but not so here where it is undisputed that the defendants' claimed costs are unrelated to the plaintiffs' successful claim. At the very least, the defendants should recover their costs with respect to the "first case." But I also agree with the trial court decisions that look at the case claim-by-claim and that award costs to a defendant even while awarding attorney fees on a narrow issue to a plaintiff. That seems to me most consistent with Hensley and Fox.

In conclusion, there is no First Circuit authority; other circuit authority is ambivalent, ambiguous, and/or distinguishable (*i.e.*, Federal Circuit law for patent cases); some district courts are awarding costs to defendants while allowing civil rights attorney fees to plaintiffs; and the reasoning of the

Supreme Court in <u>Hensley</u> and <u>Fox</u> seems to support that approach in the appropriate case. I therefore award the defendants, who generally prevailed on the lawsuit, their costs that are unrelated to the plaintiffs' successful claim.

Consequently, the plaintiffs are awarded $32,193.78 in attorney fees and expenses as part of costs under 42 U.S.C. § 1988 and Rule 54(d), and the defendants are awarded costs in the amount of $8,543.94.

**SO ORDERED.**

**DATED THIS 11TH DAY OF JANUARY, 2013**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

13