UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONAL ORGANIZATION FOR | ) | |
| MARRIAGE and | ) | |
| AMERICAN PRINCIPLES IN ACTION, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No. 1:09-cv-00538 |
| | ) | |
| WALTER F. MCKEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO AMEND OR FOR CLARIFICATION REGARDING
ORDER MODIFYING CONSENT CONFIDENTIALITY ORDER**

On January 25, 2013, the court granted defendants' motion to modify the Consent

Confidentiality Order of February 16, 2010 (Docket Item 49) (hereafter "CCO"), to permit the

defendants to retain certain documents that were produced by plaintiffs in discovery and stamped

"confidential."  Docket Item 277.  As defendants explained in their motion (Docket Item 252),

the Maine Commission on Governmental Ethics and Election Practices ("Commission") wants to

use the relevant documents in its on-going administrative investigation to determine whether the

plaintiff National Organization for Marriage ("NOM") is a ballot question committee.  As the

CCO was originally crafted, however, it would preclude the Commission (comprised of officials

who are named defendants in this action) and its staff and counsel from using those documents

for any purpose outside this litigation and would require the return or destruction of all

documents within thirty days of the entry of final judgment no longer subject to appeal.  *See*

Docket Item 49, ¶¶ 5 (a) and (b), and 11(b).

1

In a reply memorandum supporting defendants' motion to modify the CCO, counsel for the defendants and the Commission repeated to the court representations already made to NOM in correspondence with plaintiffs' counsel – specifically, that the Commission "agreed not to disclose the names and addresses of any donors in its final determination" and that "documents that fit the statutory definition of 'investigative working papers' will be kept confidential by the Commission in accordance with Maine law." Docket Item 265 at 5. Plaintiffs now ask the court to issue an amendment or clarification to its January 25th order "stating and affirming the Commission's agreement not to publicly disclose the names and addresses of any donors, during and subsequent to its investigation, including in the Commission's final determination documents." Docket Item 278 at 2.

By their motion and artful rephrasing of the Commission's representations, plaintiffs are asking the court (A) to expand the Commission's commitments, and (B) to extend the federal court's jurisdiction into a state administrative investigation. Both attempts are inappropriate, and the motion should be denied.

The Commission has voluntarily agreed to refrain from identifying NOM's donors in its final determination – i.e., in the written decision that the Commission will issue at the conclusion of its investigation. There is no need for this court to "affirm" that agreement or to rephrase it as plaintiffs request.[1] The conduct of the Commission's investigation is governed by state law, and the Commission's final determination will be appealable to state court. 5 M.R.S. § 11001 and M. R. Civ. P. 80C. There is no justification for this court to extend its reach to enforce any agreements or representations in connection with that state proceeding.

---

[1] It is unclear what having the court "affirm" the Commission's agreement even means, since presumably only the Commission could affirm its own agreement. What plaintiffs appear to be seeking, instead, is to convert the Commission's agreement into a federal court order regarding a state investigation.

The Commission also has agreed to maintain the confidentiality of relevant documents produced by NOM in discovery that fit the statutory definition of "investigative working papers" "in accordance with Maine law."  With or without such an agreement, the Commission is bound to adhere to state law.  It is unnecessary for the court to order the Commission to comply with state law, and there is no justification for a court order directing the Commission to do more than comply with state law.

In sum, the court's order of January 25, 2013, is clear on its face and needs no further amendment or clarification.  Accordingly, defendants request that the court deny plaintiffs' motion.

DATED:  February 20, 2013                    Respectfully submitted,

                                             JANET T. MILLS
                                             Attorney General

                                             /s/ Phyllis Gardiner
                                             PHYLLIS GARDINER
                                             Assistant Attorney General
                                             Phyllis.Gardiner@maine.gov
                                             THOMAS A. KNOWLTON
                                             Assistant Attorney General
                                             Thomas.A.Knowlton@maine.gov
                                             6 State House Station
                                             Augusta, Maine  04333-0006
                                             Tel.:  (207) 626-8830
                                             Fax:  (207) 287-3145
                                             Attorneys for defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February 2013, I electronically filed the above

document with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to the following:

KAYLAN PHILLIPS
kphillips@actright.com

STEPHEN C. WHITING
mail@whitinglawfirm.com

To my knowledge, there are no non-registered parties or attorneys participating in this

case.


/s/ Phyllis Gardiner
PHYLLIS GARDINER
Assistant Attorney General
Phyllis.Gardiner@maine.gov
6 State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8830
Fax (207) 287-3145
Attorney for defendants